UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>OFFICE OF MANAGEMENT AND BUDGET, an agency of the United States,<br><br>　　　　Defendant. | NO.<br><br>COMPLAINT<br><br>Freedom of Information Act, 5 U.S.C. § 552 |

## I.　INTRODUCTION

1.　This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, seeking the release of records unlawfully withheld by the Office of Management and Budget (OMB) related to the proposed sale of the federal facility that houses the National Archives at Seattle. More than six months have passed since the Office of the Attorney General (AGO) filed a FOIA request seeking documents on this important issue, but OMB has still not provided a single document to the State.

2.　On January 26, 2020, OMB approved a recommendation of the Public Buildings Reform Board (PBRB) to sell the Federal Archives and Records Center located at 6125 Sand Point Way NE, Seattle, WA 98115 (the Seattle facility). The Seattle facility is currently occupied by the U.S. National Archives and Records Administration (NARA) and houses the National Archives at Seattle.

3. The National Archives at Seattle provides public access to permanent records created by Federal agencies and courts in Alaska, Idaho, Oregon, and Washington. It houses a significant body of tribal and treaty records relating to the federally recognized tribes and native corporations in the Pacific Northwest, including records from Bureau of Indian Affairs offices and Indian agencies and schools in Alaska, Idaho, Oregon, and Washington. It also maintains 50,000 files related to the Chinese Exclusion Act of 1882, as well as some records related to the internment of Japanese-Americans in World War II. The National Archives at Seattle is routinely used by researchers, historians, genealogists, and tribes in the Pacific Northwest.

4. The report recommending the sale of the Seattle facility (the PBRB Report[1]) indicates that the federal records and archival materials at the Seattle facility, including the materials at the National Archives at Seattle, would be removed from the Pacific Northwest and relocated to NARA facilities in Kansas City, Missouri, and Riverside, California. OMB approved the PBRB's decision to sell the Seattle facility and eleven other federal properties on January 26, 2020.

5. Neither PBRB nor OMB conducted outreach to state, local, or tribal officials prior to publicly announcing the sale of the facility housing the National Archives at Seattle. As a result, state, local, and tribal officials were not given the opportunity to present information detailing how the pending sale would harm them. There were also no public hearings in Washington, Idaho, Oregon, or Alaska, where members of the public could have provided input and information about the importance of keeping records at the Seattle facility in the Pacific Northwest.

6. On February 3, 2020, the Office of the Attorney General for the State of Washington (the AGO) submitted a request for certain documents to OMB (the FOIA Request), via both electronic mail and the U.S. Postal Service.

---

[1] https://www.pbrb.gov/assets/uploads/20191227%20High%20Value%20Assets%20Report%20as%20Required%20by%20FASTA.pdf (last visited Aug. 13, 2020).

7. The AGO's February 3, 2020 FOIA request sought, among other things, "[a]ll records related to the January 24, 2020 approval by [OMB] of the high value property recommendations by the Public Buildings Reform Board" and "[a]ll records related to the Federal Archives and Records Center located at 6125 Sand Point Way NE, Seattle, WA 98115." The request was limited in time from May 10, 2019 to January 28, 2020.

8. On February 4, 2020, the AGO received an electronic mail message from OMB FOIA Officer Dionne Hardy, "acknowledg[ing] receipt of your Freedom of Information Act (FOIA) request to the Office of Management and Budget (OMB) dated and received in this office on February 3, 2020." The email further stated, "[y]our request has been logged in and is being processed" and was assigned OMB FOIA number 2020-202.

9. The AGO has received no communication from OMB regarding the FOIA Request since the agency's February 4, 2020 email acknowledging receipt.

10. In light of the critical regional importance of the records held at the National Archives of Seattle, Washingtonians and all residents of the Pacific Northwest, including the many federally-recognized tribes and native corporations in this region, deserve to know how the decision was made to sell the Seattle facility.

## II. JURISDICTION AND VENUE

11. This Court has jurisdiction over this action under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B), and under 28 U.S.C. § 1331, because this action arises under the laws of the United States, including FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201.

12. Venue is proper in this court under 5 U.S.C. § 552(a)(4)(B), as the FOIA Request was issued from a State of Washington office in Seattle, in the Western District of Washington.

13. Because OMB failed to respond to the FOIA Request, or even to notify the AGO of an extension of time, within 20 business days, no administrative appeal is required under 5 U.S.C. § 552(a)(6)(C).

### III. PARTIES

14. Plaintiff State of Washington is a sovereign entity and brings this action to protect its own sovereign and proprietary rights, and as *parens patriae* on behalf of its affected citizens and residents. The Attorney General is the chief legal adviser to the State of Washington. The Attorney General's powers and duties include acting in federal court on matters of public concern. This challenge is brought pursuant to the Attorney General's independent constitutional, statutory, and common law authority to bring suit and obtain relief on behalf of the State of Washington.

15. Defendant Office of Management and Budget is an agency of the United States. OMB has possession of and control over the records sought by the AGO in its February 3, 2020 FOIA Request.

### IV. STATUTORY BACKGROUND

16. FOIA requires agencies to "make available to the public information." 5 U.S.C. § 552(a). Any information subject to FOIA must be disclosed. "[E]ach agency, upon any request for records . . . shall make the records promptly available to any person." *Id.* § 552(a)(3).

17. "[U]pon any request for records made under [§ 552(a)](1), (2), or (3)," an agency has 20 business days to determine whether to comply. *Id.* § 552(a)(6)(A). OMB's FOIA regulations also require a response within 20 business days. *See* 5 C.F.R. § 1303.40(a) ("Upon receipt of any request for information or records, the FOIA Officer will determine within 20 working days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request whether it is appropriate to grant the request and will immediately notify the requester of (1) such determination and the reasons therefore and (2) the right of such person to seek assistance from the FOIA Public Liaison. The 20-day period, as used herein, shall commence on the date on which the FOIA Officer or the FOIA Public Liaison first receives the request.").

18. An agency may only withhold documents that fall within one of the enumerated exemptions from FOIA. If an agency withholds documents, it must provide a "*Vaughn* Index"

1  that adequately identifies the specific documents withheld. *See Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973). "A withholding agency must describe *each* document or portion thereof withheld, and for *each* withholding it must discuss the consequences of disclosing the sought-after information." *King v. U.S. Dep't of Justice*, 830 F.2d 210, 223–24 (D.C. Cir. 1987) (emphasis in original). *See Wiener v. FBI*, 943 F.2d 972, 978 (9th Cir. 1991) (requiring a *Vaughn* Index and finding it inadequate); *Andrus v. United States Dep't of Energy*, 200 F. Supp. 3d 1093, 1105 (D. Idaho 2016) (same).

19. A court may review an agency's decision to withhold documents, and "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). An agency cannot justify its withholding by offering nothing more than "[c]onclusory and generalized allegations." *Nat'l Parks & Conservation Ass'n v. Kleppe*, 547 F.2d 673, 680 (D.C. Cir. 1976). When the agency fails to sustain its burden, the court may "order the production of any agency records improperly withheld from the complainant." 5 U.S. C. § 552(a)(4)(B).

### V.    STATEMENT OF FACTS

20. On February 3, 2020, the AGO submitted a request for certain documents to OMB, via both electronic mail and the U.S. Postal Service.

21. The AGO's February 3, 2020 FOIA Request sought records transmitted at any time from May 10, 2019 to January 28, 2020 on the following issues:

   a. "All records related to the January 24, 2020 approval by the Office of Management and Budget (OMB) of the high value property recommendations by the Public Buildings Reform Board."

   b. "All records related to the November 27, 2019 disapproval by OMB of the high value property recommendations by the Public Buildings Reform Board."

   c. "All records related to the 'additional information previously requested on October 25, 2019 by OMB' to the Public Buildings Reform Board, as referenced in OMB's November 27, 2019 letter to the Public Buildings Reform Board."

d. "All records related to the Federal Archives and Records Center located at 6125 Sand Point Way NE, Seattle, WA 98115."

e. "All records related to the Auburn Complex located at 400 15th Street SW, Auburn, WA 98001."

22. On February 4, 2020, the AGO received the following electronic mail message from OMB's FOIA Officer, Dionne Hardy, stating the following:

> Greetings: This email acknowledges receipt of your Freedom of Information Act (FOIA) request to the Office of Management and Budget (OMB) dated and received in this office on February 3, 2020. Your request has been logged in and is being processed. For your reference, the OMB FOIA number is 2020-202.

23. OMB was required by FOIA and its own regulations to respond to the FOIA Request by March 4, 2020.

24. The AGO has received no communication from OMB regarding the FOIA Request since the February 4, 2020 email acknowledging receipt.

32. OMB has not notified the AGO that additional time is needed to process the FOIA Request, nor has OMB asked the AGO to clarify or modify the FOIA Request.

## VI.   FIRST CLAIM FOR RELIEF
### Violation of the Freedom of Information Act – Failure to Respond
### 5 U.S.C §§ 552(a)(3), (a)(4)(B)

34. Plaintiff realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

35. OMB violated FOIA by failing to respond to the FOIA Request within 20 business days.

## VII.   SECOND CLAIM FOR RELIEF
### Violation of the Freedom of Information Act—Failure to Produce Records
### 5 U.S.C §§ 552(a)(3), (a)(4)(B)

36. Plaintiff realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

37. OMB further violated FOIA by failing to conduct searches reasonably calculated to locate the requested records, and promptly provide records, or reasonably segregable portions of lawfully exempt responsive records, in response to the AGO's request for records.

## VIII.   PRAYER FOR RELIEF

The State of Washington respectfully requests that this Court:

1. Declare that OMB violated FOIA by failing to make a determination on the FOIA Request within the time period prescribed by law;

2. Declare that OMB violated FOIA by failing to conduct searches reasonably calculated to locate the requested records, and promptly provide all responsive records;

3. Declare that OMB waived its right to request fees for processing the AGO's request by failing to respond timely to the request;

4. Order OMB to provide a determination on the FOIA Request, at no cost to the State;

5. Order OMB to conduct searches reasonably calculated to locate the requested records, and release all records responsive to the FOIA Request within twenty days of this Court's order, at no cost to the State of Washington;

6. Enjoin OMB from withholding agency records and order the production of all agency records improperly withheld from the State of Washington;

7. Retain jurisdiction over this action to ensure the processing of the FOIA Request is in compliance with FOIA and any orders of this Court;

8. Award Plaintiff its costs of litigation, including reasonable attorney fees as provided by FOIA, and any other applicable provision of law; and

9. Grant such other relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 17th day of August 2020.

ROBERT W. FERGUSON
Attorney General

*/s/ Lauryn K. Fraas*
LAURYN K. FRAAS, WSBA #53238
Assistant Attorney General
Lauryn.Fraas@atg.wa.gov

*/s/ Nathan K. Bays*
NATHAN K. BAYS, WSBA #43025
Assistant Attorney General
Nathan.Bays@atg.wa.gov

Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
*Attorneys for Plaintiff State of Washington*